IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 22 CR 615 |
| v. | ) | Hon. Young B. Kim, |
| | ) | Chief Magistrate Judge |
| NERIJUS TAUTVYDAS | ) | |

**ANSWER TO COURT'S QUESTIONS**

Now comes Defendant Nerijus Tautvydas, by and through his attorney, Stephen M. Komie of Komie and Associates, to answer the questions posed by the Court. In support thereof, states as follows:

1. That on January 31, 2023 the parties appeared before the Honorable Young B. King, Chief Magistrate Judge several days after the Court's memorandum opinion and order denying the government's request of continued detention of the Defendant.

2. That on January 30, 2032, the eve of the status hearing, the government filed a motion to reconsider government's request for detention

3. That the parties appeared before the Magistrate who asked for documents and information to support the Defendant's claim of "special circumstances".

4. The first question posed by the Court was an inquiry into the Defendant's wife, Katerina Lenskih's medical condition. Because medical

information is controlled by HIPAA, the Defendant simultaneously is requesting the Court's permission to file medical documents confirming her paralysis from a 2016 motor vehicle accident. Previously the Court had been informed of Katerina's spinal cord injury which was classified as CSI C5. The severe nature of her paralysis and injuries, the Defendant, Nerijus Tautvydas, is needed as her caretaker.

5. The Court's second question was an inquiry into the specific nature of the care taking function the Defendant performed for his wife.

6. Attached hereto, made a part hereof, as Exhibit A is the statement of Katerina Lenskih verifying her husband's care taking role in her life.

   a) That Defendant Nerijus Tautvydas' qualifications in assisting his wife as a caretaker were obtained by attending Marianjoy/Northwestern outpatient facility in order to learn how to assist his wife in attempted standing and walking. See photo of training to assist Katerina attached as Exhibit B.

   b) A gait belt is required to be held in order to support Katerina in doing her therapeutic exercises and attempts at walking at home.

   c) Katerina states that she has been unable to do training at home since her husband's incarceration. Further, her ability to move has been diminished as she has been unable to get

    additional assistance from her husband.

  d)  She continues to suffer from neurological pain which prevents her from leaving the home with the children.

  e)  That Katerina remains unable to drive at night due to medication's effect on her vision and perception of people and vehicles. The Defendant did all the driving including errands, after school activities, shopping, and taking her to medical appointments which has now become a great hardship due to Nerijus' incarceration.

  f)  At night time the Defendant repositions her every two hours to avoid bed sores. Further assistance comes in providing midnight medication, trips to the bathroom and water snacks.

  g)  In the morning the Defendant, Nerijus Tautvydas provides assistance with placing Katerina in the shower and assists her in dressing.

  h)  The Defendant is essential in the transfer of Katerina from the bed to the wheelchair each day.

7. The Court's third inquiry was what was the household's routine.

  a)  He wakes up his two boys, ages 12 (Nidas) and 13 (Adris), supervise children in preparing for school each day.

  b)  prepare breakfast for the kids and supervise the

       consumption of the meal.

   c)    Drive the children to school and drop them off early at Hinsdale Middle School and then travels to work.

   d)    After work he picks up the boys and takes them to their sporting activities. In summary, Nerijus plays a nurturing and paternal role in organizing, supervising and maintaining the daily lives of his family.

8. Nerijus is the President/Operations Manager of Ant-Trans, Inc., which is a trucking business which provides financial support for the family. The family income significantly dropped in result of Nerijus' arrest. Annual combined income was approximately $150,000 per year but without Defendant and his business, family income is reduced to $35,000, Katerina's sole income. The family income has suffered by the detention of Nerijus which is needed to sustain the family and provide for the two boys.

    WHEREFORE, the Defendant Nerijus Tautvydas believes the above information is responsive to the Court's questions and stands ready to respond to any additional questions of the Court.

                          Respectfully submitted

                          Respondent, Nerijus Tautvydas,
                          by and through his attorneys,
                          KOMIE AND ASSOCIATES

                          By:    s/ Stephen M. Komie

Komie and Associates
One N. LaSalle Street, Suite 4200
Chicago, Illinois 60602
(312) 263-2800
inbox@komiegroup.com

**PROOF OF SERVICE**

  The undersigned, an attorney, deposes and states that a true and correct copy of **Defendant Nerijus Tautvydas', Answers to Court's Questions** has been served upon the below named party(ies), by filing said document in the CM/ECF system on March 21, 2023.

TO: Ann Marie E. Ursini, AUSA
   United States Attorney's Office
   219 South Dearborn, 5th floor
   Chicago, Illinois 60604
   annmarie.ursini@usdoj.gov

   Irene Hickey Sullivan, AUSA
   United States Attorney's Office
   219 South Dearborn, 5th floor
   Chicago, Illinois 60604
   irene.sullivan@usdoj.gov

   Jonathan Leighton Shih
   DOJ-USAO
   Northern District of Illinois
   219 S. Dearborn St.,5th Floor
   Chicago, IL 60604
   jonathan.shih@usdoj.gov

          /s/Stephen M. Komie
          Stephen M. Komie
          Komie and Associates
          One N. LaSalle Street, Suite 4200
          Chicago, Illinois 60602
          312/263-2800